UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRENDA M. DIGGS,
    Plaintiff,

v.

PARTNERS HEALTHCARE/
MASSACHUSETTS GENERAL HOSPITAL
FOR CHILDREN,
    Defendants.

Civil Action
No. 11-11739-RWZ

ORDER

ZOBEL, D.J.

    Upon review of the plaintiff's pleadings and upon a preliminary screening, it is hereby ORDERED that:

(1)    Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is GRANTED.

(2)    The Clerk shall issue summonses.

(3)    The Clerk shall send the summonses, a copy of the Complaint, and this Order to the plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal Service shall serve the summons, copy of the Complaint, and this Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

(4)    Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id. To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. Id. at 24. At this juncture, without a response from the defendants, this Court cannot gauge the merits nor find that plaintiff has demonstrated exceptional circumstances

warranting appointment of *pro bono* counsel. Accordingly, plaintiff's Motion for Appointment of Counsel (Docket No. 3) is <u>DENIED</u> without prejudice to renew <u>after</u> the defendants have filed a responsive pleading, upon good cause shown.

SO ORDERED.

                                /s/ Rya W. Zobel
                                RYA W. ZOBEL
                                UNITED STATES DISTRICT JUDGE

DATED: